NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

J&J SPORTS PRODUCTIONS, INC., :
as Broadcast Licensee of the May 1, 2010 :
Mayweather/Mosely Broadcast :
:
                      Plaintiff, :    Civil Action No. 10-4375
v. :
:    OPINION
JOSEPH GENCARELLI, Individually :
and as officer, director, shareholder, :
and/or principal of E RENTAL :
SYSTEMS, INC., d/b/a CITY PARK :
GRILL & LOUNGE, a/k/a CITY PARK :
GRILL LOUNGE, a/k/a CITY LIGHTS, :
:
and :
:
E RENTAL SYSTEMS, INC., d/b/a :
CITY PARK GRILL & LOUNGE, a/k/a :
CITY PARK GRILL LOUNGE, a/k/a :
CITY LIGHTS :
:
                      Defendants. :
_____ :

**CECCHI, District Judge.**

## I.   INTRODUCTION

This matter comes before the Court by Plaintiff J&J Sports Productions, Inc.'s ("Plaintiff") Motion for Summary Judgment against Joseph Gencarelli, individually and as officer, director, shareholder, and/or principal of E-Rental Systems, Inc., d/b/a City Park Grill & Lounge, a/k/a City Park Grill Lounge, a/k/a City Lights, and E-Rental Systems, Inc., d/b/a City Park Grill & Lounge, a/k/a City Park Grill Lounge, a/k/a City Lights (collectively, "Defendants") pursuant to Federal Rules of Civil Procedure 36(a) and 56. The Court has considered the

1

submissions made in support of the instant motion.[1] No opposition was filed, and no oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Plaintiff's Motion for Summary Judgment is granted.

## II.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff J&J Sports Productions, Inc., a California corporation located in California, was granted the exclusive territorial rights to distribute to commercial establishments the May 1, 2010 Mayweather / Mosely Boxing event ("Mayweather Event"), which was televised as a pay-per-view event in several states. (See Compl. ¶ 6; Affidavit of Joseph Gagliardi ("Plaintiff's Aff.") ¶ 3; Ex. A.) According to the complaint, Defendant E-Rental Systems, Inc., d/b/a City Park Grill & Lounge, a/k/a City Park Grill Lounge, a/k/a City Lights operates a business incorporated and licensed in the State of New Jersey. Defendant Joseph Gencarelli is an officer, director, shareholder and/or principal of the business.

In order to protect its rights to the Mayweather Event, Plaintiff engaged the services of Signal Auditing to identify commercial establishments that were illegally marketing, charging admission for, and/or broadcasting the Mayweather Event without having paid to Plaintiff the requisite fee. (Id. ¶¶ 7-11.) On May 1, 2010, an independent investigator/auditor witnessed the commercial display of the Mayweather Event at Defendants' commercial establishment. (See Affirmation of Wayne Lonstein ("Attorney Aff.") ¶ 10; Ex. C; Ex. D.) Defendants did not purchase the Mayweather Event and therefore were not authorized by Plaintiff to show the Mayweather Event. (Plaintiff's Aff. ¶¶ 5-6.)

---

[1] The Court considers any new arguments not presented by the parties in their papers or at oral argument to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

2

On August 26, 2010, Plaintiff filed suit alleging that Defendants willfully violated 47 U.S.C. § 553(a) (unauthorized interception of communications offered over a cable system) and § 605(a) (unauthorized interception and publication of radio communications) by broadcasting the Mayweather Event in their commercial establishment for direct financial gain. Defendants were served with the Summons and Complaint on September 15, 2010. On November 23, 2010, Defendants filed an answer. On February 15, 2011, Plaintiff served Defendants with discovery requests that included Requests for Admission. (Attorney Aff. Ex. A.)[2] Defendant failed to respond in a timely manner. On March 11, 2011 and April 28, 2011, Plaintiff sent Defendants good faith discovery letters attempting to solicit responses to their Requests for Admission. (Attorney Aff. Ex B.) When Plaintiff failed to obtain a response to its discovery requests, Plaintiff filed a "Notice of Facts Deemed Admitted" on May 10, 2011. Defendants were thus on notice that all matters contained in Plaintiff's Requests for Admission were deemed admitted by default pursuant to Fed. R. Civ. P. 36(a).

### III.   LEGAL STANDARD

Summary judgment is appropriate if the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" demonstrate that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986), Pollock v.

---

[2] Included in the instructions in Plaintiff's Requests for Admission was the following statement: **"If you fail to respond within 30 days from the date hereof, you waive objection to the Requests, and plaintiff will request the Court deem such matters admitted."** (Attorney Aff. Ex. A) (emphasis in original).

3

Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986).

The moving party has the initial burden of proving the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Once the moving party meets this burden, the non-moving party has the burden of identifying specific facts to show that, to the contrary, there exists a genuine issue of material fact for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). A fact is "material" if a dispute about that fact "might affect the outcome of the suit under governing [substantive] law," and a "genuine" issue exists as to that fact "if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The Court's role is to determine whether there is a genuine issue for trial, not to weigh the evidence and decide the truth of the matter. Id. at 249.

Under Rule 36(a), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Further, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b); Sunoco, Inc. v. MX Wholesale Fuel Corp., 565 F.Supp.2d 572, 577 (D.N.J. 2008) (deeming admitted matters addressed in unanswered requests).

The Third Circuit and this Court have held that deemed admissions under Rule 36 "are sufficient to support orders of summary judgment." See, e.g., Kelvin Cryosystems, Inc. v. Lightnin, 252 Fed. Appx. 469, 472 (3d Cir. 2007) (citing to Anchorage Assoc. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 176 n.7 (3d Cir. 1990)); Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976) (explaining that because the request for admission was not

4

denied, it was properly deemed admitted under Rule 36(a) for purposes of a motion for summary judgment), cert. denied, Mead Johnson & Company v. Goodman, 429 U.S. 1038 (1977); Calderone v. Alliance Mortg. Co., No. 10-cv-3539, 2011 U.S. Dist. LEXIS 47388, at *8-12 (D.N.J. Apr. 29, 2011) (granting summary judgment on admitted facts based on one party's failure to respond to requests for admission).

Under 47 U.S.C. § 553, "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." Similarly, under 47 U.S.C. § 605:

> "no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee…No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto."

## IV. DISCUSSION

Plaintiff is entitled to Summary Judgment because there exists "no genuine issue as to any material fact" regarding Defendants' liability. In its complaint, Plaintiff seeks relief under 47 U.S.C. § 605 or, alternatively, 47 U.S.C. § 553. Both statutes prohibit the unauthorized

5

interception and exhibition of communications and both statutes require the plaintiff to show that the defendants intercepted a broadcast, were not authorized to intercept the broadcast, and showed this broadcast to others. 47 U.S.C. §§ 553, 605; J&J Sports Prods. v. Gencarelli, No. 10-cv-4513, 2011 U.S. Dist. LEXIS 32523, at *4-5 (D.N.J. Mar. 28, 2011); J&J Sports Prods. v. Gallegos, No. 08-201, 2008 U.S. Dist. LEXIS 61066, at *6-8 (D.N.J. Aug. 5, 2008). In addition, both statutes allow enhanced damages if the plaintiff proves that the defendants willfully intercepted the broadcast for commercial advantage or private financial gain. Id.

Here, Plaintiff has established undisputed facts to support the common elements of both statutes. Plaintiff had the exclusive rights to distribute the Mayweather Event on May 1, 2010 to commercial establishments. (See Plaintiff's Aff. ¶ 3; Ex. A; Notice of Facts Deemed Admitted.) Plaintiff hired independent auditors to check commercial establishments, including Defendants' commercial establishment, to determine whether these establishments were illegally broadcasting the Mayweather Event. (See Attorney Aff. ¶ 10; Ex. C; Ex. D; Notice of Facts Deemed Admitted.) An independent auditor discovered that Defendants were broadcasting the Mayweather Event in their commercial establishment. (Id.) Further, Plaintiff's Requests for Admission contain statements that the Defendants intercepted the Mayweather Event, were not authorized to receive or exhibit the transmission, exhibited the broadcast at their commercial establishment, did so willfully, and did so for commercial advantage or private financial gain. (See, e.g., Attorney Aff., Ex. A, Req. For Admis. 3-4; Notice of Facts Deemed Admitted.)

As explained above, because Defendants failed to object or otherwise respond to Plaintiff's Requests for Admissions, and also failed respond to Plaintiff's Notice of Facts Deemed Admitted, these statements are deemed admitted and support Plaintiff's Motion for Summary Judgment. Calderone v. Alliance Mortg. Co., No. 10-cv-3539, 2011 U.S. Dist. LEXIS

47388, at *8-12 (D.N.J. Apr. 29, 2011) (granting summary judgment on admitted facts based on the party's failure to respond to requests for admission). As a result, there is no genuine issue of material fact that Defendants intercepted and broadcasted the Mayweather Event at their commercial establishment, without authorization from Plaintiff, and that they did so willfully and for commercial advantage or private financial gain. Because the evidence is such that no reasonable jury could return a verdict in favor of Defendants, Plaintiff is entitled to summary judgment that Defendants violated 47 U.S.C. §§ 553 and 605.

## V. CONCLUSION

The Court grants Plaintiff's Motion for Summary Judgment that Defendants violated 47 U.S.C. §§ 553 and 605. The Court reserves its decision on specific damages until Plaintiff submits the appropriate authorities and documents in support thereof.[3]

---

[3] Plaintiff requests that the Court permit the later submission of authorities in support of damages. In its Memorandum in Support of the Motion for Summary Judgment, Plaintiff indicates that Defendants are liable under 47 U.S.C. § 605 and damages should be assessed under that statute. The difference between the § 553 and § 605 is that § 605 "encompasses the interception of satellite transmission," while § 553 applies "once a satellite transmission reaches a cable system's wire distribution phase." TKR Cable Co. v. Cable City Corp., 267 F.3d 196, 207 (3d Cir. 2001). The statutes also differ because § 605 imposes higher statutory damages than § 553. In the Requests for Admission, Plaintiff states that "CITY PARK GRILL LOUNGE had the capability of receiving broadband and/or WI-FI and/or satellite television broadcasts on May 1, 2010." (See, e.g., Attorney Aff., Ex. A, Req. For Admis. 3.) This Court, in the context of a default judgment, has previously held that this particular Plaintiff should be given "the benefit of the doubt" and "not fault[ed]. . . for failing to plead the particular manner of interception since this may be exclusively within Defendants' knowledge." J&J Sports Prods., Inc. v. Perdomo, No. 06-1374, 2007 U.S. Dist. LEXIS 21137, at *6 (D.N.J. March 26, 2007). In assessing damages in that case, the Court allowed for "an authorized amount of statutory damages for the illegal interception of programs under either [§ 553 or § 605]." 2007 U.S. Dist. LEXIS 21137, at *12. Concurring with this precedent, and having deemed admitted the fact that the Defendants had the capability of receiving broadband and/or WI-FI and/or satellite television broadcasts on May 1, 2010, the Court is satisfied that Plaintiff has established facts that give rise to a cause of action under *either* 47 U.S.C. § 553 or 47 U.S.C. § 605. Thus, although damages will be assessed at a later stage in these proceedings, the Court finds that Plaintiff is entitled to statutory and enhanced damages consistent with those authorized by both statutes.

An appropriate Order follows.

_____
**CLAIRE C. CECCHI, U.S.D.J.**

DATED: January 30, 2012