NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the May 1, 2010 Mayweather/Mosely Broadcast<br><br>Plaintiff,<br>v.<br><br>JOSEPH GENCARELLI, Individually and as officer, director, shareholder, and/or principal of E RENTAL SYSTEMS, INC., d/b/a CITY PARK GRILL & LOUNGE, a/k/a CITY PARK GRILL LOUNGE, a/k/a CITY LIGHTS,<br><br>and<br><br>E RENTAL SYSTEMS, INC., d/b/a CITY PARK GRILL & LOUNGE, a/k/a CITY PARK GRILL LOUNGE, a/k/a CITY LIGHTS<br><br>Defendants. | Civil Action No. 10-4375<br><br>OPINION |

CECCHI, District Judge.

I. INTRODUCTION

This matter comes before the Court by way of Plaintiff J&J Sports Productions, Inc.'s ("Plaintiff") brief in support of its request for damages and attorney fees. On January 30, 2012, the Court granted summary judgment in favor of Plaintiff and against Joseph Gencarelli, individually and as officer, director, shareholder, and/or principal of E-Rental Systems, Inc., d/b/a City Park Grill & Lounge, a/k/a City Park Grill Lounge, a/k/a City Lights, and E-Rental Systems, Inc., d/b/a City Park Grill & Lounge, a/k/a City Park Grill Lounge, a/k/a City Lights

1

(collectively, "Defendants"). In that opinion, the Court reserved judgment on damages and directed Plaintiff to submit evidence and authorities in support of its request for damages and attorney fees. The Court has now considered Plaintiff's submissions in support of damages and fees.[1] No opposition was filed, and no oral argument was heard pursuant to Federal Rule of Civil Procedure 78. Based on the reasons that follow, Plaintff is entitled to statutory and enhanced damages in the amount of $8,200.00 and attorney fees and costs in the amount of $4,299.25.

## II. DISCUSSION

In granting Plaintiff's Motion for Summary Judgment, the Court reserved judgment on awarding damages until "Plaintiff submits the appropriate authorities and documents in support thereof." *J&J Sports Prods. Inc. v. Gencarelli*, No. 10-4375, 2012 WL 266419, at *4 (D.N.J. January 30, 2012). The Court's holding acknowledged, however, that Plaintiff is entitled to statutory and enhanced damages under either 47 U.S.C. § 553 or 47 U.S.C. § 605. *Id.* at 4. It is important to note that Section 553 is appropriately applied "once a satellite transmission reaches a cable system's wire distribution phase" while a Section 605 application "encompasses the interception of satellite transmission." *TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196, 207 (3d Cir. 2001). Plaintiff has elected to recover damages under 47 U.S.C. § 605(a) and the Court therefore focuses its analysis on that statute. (Pl. Mem. of Law Supp. Damages 4.)

## III. STATUTORY DAMAGES

---

[1] The Court considers any new arguments not presented by the parties in their papers to be waived. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners*, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

2

Generally, Section 605 permits statutory damages of "not less than $1,000 or more than $10,000." 47 U.S.C. § 605 (C)(II)(1996); *J&J Sports Prods. Inc., v. Edrington*, No. 10-3789, 2012 WL 525970, at * 3 (D.N.J. 2012). The actual amount of damages awarded "remains within the sound discretion of the court." *See Home Box Office v. Champs of New Haven, Inc.*, 837 F. Supp. 480, 484 (D.Conn. 1993).

Plaintiff seeks the maximum $10,000 award of statutory damages permitted by Section 605. Courts in this District and the Third Circuit "have approved the award of statutory damages in excess of actual damages for the purpose of deterrence." *J & J Sports Prods. Inc. v. Gallegos*, No. 08-201, 2008 WL 3193157, at * 4 (D.N.J. 2008); *see also Comcast Cable Comm. v. Bowers*, No. 06-1664, 2007 WL 1557510, at *3 (D.N.J. May 25, 2007) (awarding the plaintiff $10,000 in statutory damages when actual damages were much less in order to serve deterrent purposes); *Schnall v. Amoby Nat'l Bank*, 279 F.3d 205, 216 (3d Cir. 2002) (approving statutory damages in excess of actual damages to deter the same activities in the future). However, "courts have also declined to award the maximum statutory damages where there is a large discrepancy between the maximum statutory damages and actual damages despite the deterrent effect." *Edrington*, 2012 WL 525970, at *3; *see J&J Sports Prods. v. Munguti*, Civ. No. 06-1282, 2007 U.S. Dist. LEXIS 22096, at *3 (D.N.J. March 26, 2007) (awarding statutory damages of $1,200 and noting that "[t]o award Plaintiff the maximum amount of enhanced statutory damages, or even a substantial amount of such damages under these circumstances, would significantly overcompensate Plaintiff").

Here, Plaintiff contends that it has "has suffered significant monetary loss in licensing fees due to the pirating of its proprietary programming and has expended a great deal of time and money policing its signals to protect its interests." (Pl. Mem. of Law Supp. Damages, 7.)

However, the rate card for the Mayweather/Mosley boxing match indicates that the rate for Defendants' establishment (which has an occupancy of 101-200 persons) would have been $6,200.00. (Ex. C.) Had Defendants lawfully broadcasted the match, they would have paid this licensing fee to Plaintiff. Thus, the Court is satisfied that this amount will make Plaintiff whole for its loss. The Court also finds that awarding statutory damages in this amount will provide a sufficient deterrent effect to similar activities in the future. Therefore, the Court awards Plaintiff $6,200.00 in statutory damages.

### IV.     ENHANCED DAMAGES

In addition to statutory damages, Section 605 allows for enhanced damages, not to exceed $100,000, where "the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605 (e)(3)(C)(ii). As a general matter, the Supreme Court has defined "willful" conduct as actions "marked by careless disregard [for] whether or not one has the right so to act." *United Airlines Inc. v. Thurston*, 469 U.S. 111, 127 (1985) (citing *United States v. Murdock*, 290 U.S. 389, 395 (1933)).

This Court's decision in *Munguti* summarizes a number of factors to be considered in determining willful conduct. *Munguti*, 2007 WL 928479, at *3. The Court explained that the number of televisions broadcasting the event, existence of a cover charge, sale of food and drink, advertisement of the event in the defendant's establishment, and a demonstration that the defendant made more money or conducted additional business by illegally broadcasting the event are pertinent factors to be considered in determining enhanced damages. *Id.*

Here, Plaintiff has not provided sufficient evidence of these factors to warrant $25,000 in enhanced damages. The auditor's report did not indicate that Defendants' establishment either

mandated a cover charge for the May 1, 2010 event or extensively advertised the fight to potential patrons. (Ex. A.) Moreover, the report does not conclusively establish that Defendants charged a premium for food or drink during the match or that the number of patrons substantially exceeded normal business levels for the establishment. (Ex. A.) Therefore, the Court does not find persuasive Plaintiff's contention that "it is more likely than not that [the broadcast of the program] led to an increase in the number of patrons and that these patrons purchased services, food, or drinks while watching the program." (Pl. Mem. of Law Supp. Damages, 15.) The auditor's report does indicate, however, that the match may have been televised on two screens. (Ex. A.)

The Court awards Plaintiff $2,000.00 in enhanced damages. The Court arrives at this amount based on the holding in *Gallegos*, in which the Court awarded $1,000.00 in enhanced damages where an illegal broadcast was shown to approximately nine patrons. *Gallegos*, 2008 WL 3193157, at *1, 4. The Court believes an enhancement of the *Gallegos* number is required based on the number of patrons who viewed the broadcast (16) and the fact that the event was televised on more than one screen. The Court is satisfied that this amount will serve the deterrent effect contemplated by Section 605 without significantly overcompensating Plaintiff. Therefore, Plaintiff will be awarded enhanced and statutory damages in the total amount of $8,200.00.

V.   **ATTORNEY'S FEES**

Section 605 also requires an award of attorney fees and costs. 47 U.S.C. § 605 (3)(B)(iii). Plaintiff has requested a total of $4,299.25 in such fees and costs. Plaintiff has provided an affidavit detailing the number of hours worked and costs expended to support these

5

figures. The Court is satisfied that these fees are reasonable and therefore awards Plaintiff attorney fees and costs, as requested, in the amount of $4,299.25.

## VI. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's request for damages and attorney fees. Plaintff is entitled to statutory and enhanced damages in the amount of $8,200.00 and attorney fees and costs in the amount of $4,299.25, for a total of $12,499.25.

An appropriate Order accompanies this Opinion.

_____
CLAIRE C. CECCHI, U.S.D.J.

DATED: September 21, 2012